EXHIBIT "C"

MANAGEMENT AGREEMENT

BETWEEN

BUHRE BEVERAGE DISTRIBUTION, INC.

AND

WILLIAM SANCHEZ

## MANAGEMENT AGREEMENT

THIS MANAGEMENT AGREEMENT (the "Agreement") is made as of April ____, 2014 by and between BUHRE BEVERAGE DISTRIBUTION, INC. (alternatively, "Buhre" and the "Owner"), and WILLIAM SANCHEZ ("Manager"), with respect to the following Recitals:

### RECITALS

A. WHEREAS, Buhre is the owner and operator of a certain Pepsi distribution route that covers certain territory in the Bronx, New York (the "Buhre Pepsi Route").

B. WHEREAS, Bhaveen Sapra ("B. Sapra") is the President of Buhre, which filed a chapter 11 bankruptcy petition with the U.S. Bankruptcy Court for the Southern District of New York on January 13, 2014 (the "Filing Date").

C. WHEREAS, Buhre wishes to retain the services of the Manager, as an independent contractor, for the management, operation, maintenance and service of Buhre, including but not limited to the Buhre Pepsi Route, all as more particularly set forth in this Agreement. In addition to the foregoing, the Manager shall oversee all obligations of the Buhre relating to the Buhre Pepsi Route, including, without limitation, all obligations of the Owner under any agreement in effect with Pepsi-Cola Bottling Company of New York, Inc. ("Pepsi") with respect to the Buhre Pepsi Route, together with all amendments and modifications now existing or hereafter made thereto, as well as all other documents affecting the Buhre Pepsi Route, shall be referred to collectively herein as the Documents).

D. WHEREAS, Manager has agreed to undertake the management of the Buhre Pepsi Route as hereinabove described, including all obligations of the Owner under the Documents as hereinabove described, subject to the conditions and upon the terms set forth herein. As used in this Agreement, the terms manage and management shall be construed in their broadest and most liberal sense, and shall include, but not be limited to, management, oversight, operation, maintenance, repair, improvement, upkeep, and servicing.

NOW, THEREFORE, with respect to the foregoing Recitals, the mutual covenants and agreements contained herein (including the full and faithful performance by Manager of all terms, conditions, and obligations imposed upon Manager hereunder), and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Owner and Manager agree as follows:

### AGREEMENT

1. <u>Appointment of Manager</u>. By their respective execution of this Agreement, the Owner hereby grants to the Manager, as an independent contractor, the sole and exclusive right to manage and

operate Buhre, including the Buhre Pepsi Route, with full power and authority to carry out the management responsibilities of Manager hereunder and otherwise upon the terms and subject to the conditions set forth herein, and Manager accepts such appointment, upon the terms and subject to the conditions hereinafter set forth. Manager acknowledges that he is familiar with all matters relating to the management of the Buhre Pepsi Route. Management shall be subject to applicable bankruptcy law and rules, and the rules promulgated by the Office of the United States Trustee.

   1.1   Cooperation. Owner and Manager have the obligation to cooperate with each other and to act in good faith.

2.   Management by Manager.

   2.1   Management Responsibilities.

      (a)   Books and Records. The Owner shall provide to Manager correct and complete copies of all relevant books and records necessary or appropriate for the operation of the Buhre Pepsi Route, and true, correct and complete copies of all Documents relating to the Buhre Pepsi Route which may be in the Owner's possession. The Owner shall further provide Manager with an accounting of all monies collected and disbursed by and on behalf of Buhre from the Filing Date to the date of the execution of this Agreement, to the best of the Owner's ability.

   2.2   Management of Buhre's Operations. Manager shall perform his duties hereunder in a reasonable, prudent, diligent, careful and vigilant manner so as to competently manage Buhre, including the Buhre Pepsi Route. Manager shall provide to the Owner the full benefit of Manager's judgment, experience, skill, expertise and advice with respect to the policies to be pursued in managing the Buhre Pepsi Route. Without limiting the generality of the foregoing, Manager shall implement such actions and procedures with respect to the Buhre Pepsi Route as Manager may deem necessary or proper to more efficiently or economically manage the Buhre Pepsi Route.

   2.3   Duties of Manager. Without limiting any duties or obligations of Manager described in more general terms elsewhere in this Agreement, Manager shall fulfill the following duties and obligations and shall perform the following services for and on behalf of the Owner:

      (a)   Operation of Buhre Pepsi Route. Manager shall use all reasonable efforts to effectively operate the Buhre Pepsi Route. The Owner hereby appoints Manager as the exclusive agent of the Owner for the operation of the Buhre Pepsi Route.

      (b)   Records. Manager shall maintain all records and files, shall prepare all distributions to the Owners accounts as directed. Manager shall keep complete records for the Owner and be able to answer questions regarding the operations of the Buhre Pepsi Route.

      (c)   Obligations Under Documents. Manager shall, at Owners sole cost and

expense, use reasonable efforts to: (i) enforce, and perform all of the Owner's obligations under, all Documents in effect with respect to the Buhre Pepsi Route; and (ii) ensure that no default chargeable to the Owner shall exist under the Documents. Manager shall obtain Owner's consent for all charges and expenditures exceeding $500.00.

(d) <u>Collection of Monies due Buhre</u>. It shall be the Manager's sole and exclusive responsibility to collect all monies due regarding the Buhre Pepsi Route and any other amounts payable to the Owner, and shall deposit all such amounts in the Owner's Debtor-In-Possession Account, to which Manager shall have sole and unfettered access. B. Sapra agrees that he shall not collect any monies on behalf of Buhre, in respect of the Buhre Pepsi Route or otherwise, and further agrees that he shall have no access to the monies collected, the day's receipts, or the Owner's Debtor-In-Possession Account. Manager shall disburse such funds on behalf of the Owner in such amounts, at such times and to such persons as may be necessary in the operation of Buhre. All disbursements which Manager is authorized to make under or pursuant to this Agreement shall be by check written on the Owner's Debtor-In-Possession Account. Immediately upon the execution of this Agreement, the Owner shall take whatever steps necessary to add Manager as the sole signatory to the Owner's Debtor-In-Possession Account.

(e) <u>Manager's Personnel</u>. Manager shall hire, maintain, supervise and discharge such personnel as he deems necessary to efficiently operate the Buhre Pepsi Route and shall establish salaries and employee benefits for such employees. All hiring and terms of employment shall be subject to the approval of the Owner. Owner shall have reasonable authority over employees.

(f) <u>Records</u>. Manager shall keep accurately and completely all files, books and records pertaining to the operation of Buhre under this Agreement.

(g) <u>Payment of Withholding, Social Security and Similar Taxes and Contributions</u>. Manager shall be fully and solely responsible, with respect to all employees, for the payment and reporting of all federal, state and local taxes or contributions imposed or required under unemployment insurance, social security and income tax laws and other such laws and regulations pertaining thereto.

3. <u>Management Fees</u>. The Owner shall compensate Manager for his services under this Agreement on a weekly basis in the sum of $1,7500.00 per week. Manager shall be entitled to a bonus of $500.00 per week in any given week that sales exceed 5,000 cases.

4. <u>Expenses</u>. All payments of any kind or nature whatsoever made by Manager in the performance of his duties and obligations under this Agreement shall be disbursed from the Owner's Debtor-In-Possession account. The Owner agrees not to unreasonably withhold its approval of any additional reimbursements to Manager for services rendered by Manager for the benefit of Buhre, provided that such reimbursements do not exceed the amounts which would be paid for such services by the Owner if such services were rendered by independent third parties.

4

5. Term of Agreement; Manager's Obligations After Termination.

    5.1    Term. This Agreement shall remain in effect for a period of one (1) month from the date of execution and thereafter shall be renewed automatically each month for an additional one (1) month period. Upon the sale or transfer of all or any part of the Buhre Pepsi Route, this Agreement shall automatically terminate.

    5.2    Manager's Obligations After Termination. Upon the expiration or termination of this Agreement as provided in this Article 6, Manager shall:

    (a)    Deliver to the Owner, or such other person or persons designated by the Owner, copies of all books and records relating to the Buhre Pepsi Route and all funds in the possession of Manager belonging to the Owner or received by Manager pursuant to either the terms of this Agreement or any of the Documents pertaining to the Buhre Pepsi Route;

    (b)    Return to the Owner or such other person designated by the Owner all personal property relating to or used in connection with the management of Buhre, except any personal property paid for and owned by Manager; and

    (c)    Upon any termination of this Agreement pursuant to this Article 5, the obligations of the parties hereto (except those pursuant to this Section 5.2) shall cease as of the date specified in the notice of termination, except that Manager shall comply with all applicable provisions hereof and shall be entitled to receive any and all consideration which may be due Manager hereunder at the time of such termination or expiration.

    (d)    Manager shall not interfere with any efforts by the Owner to market its property.

    6.    No Waiver. The failure of the Owner to seek redress for any breach, or to insist upon the strict performance of any covenant, agreement, provision or condition of this Agreement, shall not constitute a waiver thereof; and the Owner shall have all remedies provided herein and by applicable law with respect to any subsequent act which would have originally constituted such a breach.

    7.    No Agency. Manager shall employ and be responsible for the supervision of all persons performing services in connection with the performance of all of the Owners obligations relating to the maintenance and operation of the Buhre Pepsi Route, and for determining the manner and time of performance of all acts hereunder. Nothing herein contained shall be deemed or construed to establish Manager as an agent of the Owner.

    8.    Assignment. Manager may not assign his rights and obligations under this Agreement to anyone without the prior written consent of the Owner, which approval may be granted or withheld in the Owner's sole judgment. Except as aforesaid, this Agreement shall be binding upon, and shall inure to the

benefit of, the parties hereto and their respective agents, successors and assigns.

9. Insufficient Gross Operating Income.

9.1 Priorities. If at any time the gross operating income from the Buhre Pepsi Route shall be insufficient to pay the bills and charges incurred with respect to the Buhre Pepsi Route, Manager shall pay such items in the following order or priority:

(a) First, to any fees due to the Office of the United States Trustee, any federal or state withholding, employment, social security or sales tax; and

(b) Second, to bills and charges due to Pepsi; and

(c) Third, to bills and charges of third parties; and

(d) Fourth, to bills and charges, if any, incurred by Manager for Manager's services provided to the Owner inclusive of the Manager's fee and any commissions payable to Manager.

10. Notices. Unless otherwise specifically provided, all notices, demands, requests, statements and other communications required or permitted hereunder or by law shall be in writing and shall be sent by hand delivery or certified or registered United States mail, postage prepaid, return receipt requested, to the following addresses, or to such other address as shall from time to time have been designated by written notice by either party to the other party as herein provided:

Manager: Willaim Sanchez
145 Georgetown Road
Weston CT 06883

-and-

William Sanchez.
c/o Law Offices of Michael G. Mc Auliffe
68 South Service Road, Suite 100
Melville, NY 11747

The Owner: Buhre Beverage Distribution, Inc.
c/o Peanchio Malara LLP
235 Main Street
White Plains, NY 10601

6

-and-

Bhaveen Sapra
22 Stony Hollow Road
Chappaqua, NY 10514

11. <u>Section Headings</u>. The section headings of this Agreement are inserted only for the purpose of convenient reference and do not define, limit, or prescribe the scope or intent of this Agreement or any part hereof.

12. <u>Severability</u>. If any term, covenant or condition of this Agreement or the application thereof to any person or circumstance shall, to any extent, be held invalid or unenforceable, the remainder of this Agreement, or the application of such term, covenant or condition to persons or circumstances other than as to which it is held invalid or unenforceable, shall not be affected thereby, and each term, covenant or condition of this Agreement shall be valid and shall be enforced to the fullest extent permitted by law.

13. <u>Governing Law</u>. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York and Title 11 of the U.S. Code.

14. <u>Total Agreement; No Oral Amendments</u>. This Agreement embodies the entire understanding of the parties hereto, and there are no further agreements or understandings, written or oral, in effect between the parties relating to the subject matter hereof. This Agreement may be modified or amended only by a written instrument executed by Manager and Owner.

15. <u>Attorneys Fees</u>. If any action is instituted by either of the parties hereto for the enforcement or interpretation of any of its rights or remedies in or under this Agreement, the prevailing party may be entitled to recover from the losing party all costs, charges, expenses and fees incurred by the prevailing party in said action and any appeal therefrom, including reasonable attorneys fees of outside counsel, to be fixed by the court therein, subject to the approval of the Bankruptcy Court. Said costs, charges, expenses and fees shall be included as part of the judgment in any such action.

16. <u>Authority</u>. Each individual executing this Agreement on behalf of the parties hereto represents and warrants that he or she is duly authorized to sign and deliver this Agreement on behalf of such party, that this Agreement is binding upon such party, in accordance with its terms.

14. **Total Agreement; No Oral Amendments.** This Agreement embodies the entire understanding of the parties hereto, and there are no further agreements or understandings, written or oral, in effect between the parties relating to the subject matter hereof. This Agreement may be modified or amended only by a written instrument executed by Manager and Owner.

15. **Attorneys Fees.** If any action is instituted by either of the parties hereto for the enforcement or interpretation of any of its rights or remedies in or under this Agreement, the prevailing party shall be entitled to recover from the losing party all costs, charges, expenses and fees incurred by the prevailing party in said action and any appeal therefrom, including reasonable attorneys fees of outside counsel, to be fixed by the court therein. Said costs, charges, expenses and fees shall be included as part of the judgment in any such action. *subject to approval by the Bankruptcy Court* W.S.

16. **Authority.** Each individual executing this Agreement on behalf of the parties hereto represents and warrants that he or she is duly authorized to sign and deliver this Agreement on behalf of such party, that this Agreement is binding upon such party, in accordance with its terms.

IN WITNESS WHEREOF, this Agreement has been executed on the date first above written.

MANAGER

William Sanchez

By: _____
     William Sanchez

OWNER

Bubra Beverage Distribution, Inc.

By: _____
     Bhavani Sagra, President

7