# UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------X
In re:                                              :
                                                    :    CASE NO. 14-22048-rrd
BUHRE BEVERAGE DISTRIBUTION,                        :
INC.                                                :    Chapter 11
                        Debtor.                     :
------------------------------------------------------X
                                                    :
WILLIAM SANCHEZ,                                    :    Adv. Pro. No. 14-08218-rrd
  Chapter 7 Trustee                                 :
                                                    :
                        Plaintiff,                  :
vs.                                                 :
                                                    :
BUHRE BEVERAGE DISTRIBUTION,                        :
INC., et. al.                                       :
                        Defendants.                 :
------------------------------------------------------X
```

**DEFENDANT PEPSI-COLA BOTTLING COMPANY OF NEW YORK, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO ADVERSARY COMPLAINT**

Defendant, Pepsi-Cola Bottling Company of New York, Inc. ("PCBCNY") by way of answer to Plaintiff's Adversary Complaint, says:

1. It admits the allegations contained in paragraph 1.

2. It is without sufficient knowledge or information to admit or deny the allegations contained in paragraphs 2, 3 and 4.

3. It admits the allegations contained in paragraphs 5 and 6.

4. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 7 and 8.

5. It admits the allegations contained in paragraph 9.

## BACKGROUND

6. It denies the allegations contained in paragraph 10.

7. Except to admit that Sanchez owns an interest in Buhre, it is without sufficient knowledge or information to admit or to deny the remaining allegations contained paragraph 11.

8. Except to admit that Buhre is the corporate party to a Distribution Agreement with PCBCNY to which Sanchez is the individual party, it is without sufficient knowledge or information to admit or to deny the remaining allegations contained paragraph 12.

9. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 13, 14 and 15.

10. It admits the allegations contained in paragraph 16.

11. Except to admit that B. Sapra's application for transfer of the Buhre/Sanchez Distributorship Agreement with PCBCNY was denied, it denies the remaining allegations contained in paragraph 17.

12. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 18, 19, 20 and 31.

13. Except to admit that it approved a proposed transfer of the Buhre/Sanchez Distribution Agreement with PCBCNY to a proposed entity in which both Brown and B. Sapra were to own an interest, and that such transfer never took place, it is without sufficient knowledge or information to admit or to deny the remaining allegations contained in paragraph 22.

14. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 23, 24, and 25.

15. Except to deny that such a transaction could be effected without its participation, it is without sufficient knowledge or information upon to admit or to deny the remaining allegations of paragraph 26.

16. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37 and 38.

17. Except to admit that certain checks provided to it by Buhre have bounced, it is without sufficient knowledge or information to admit or to deny the remaining allegations of paragraph 39.

18. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraphs 40, 41, and 42,.

19. Except to admit that Downs and Sanchez spoke by telephone and that PCBCNY placed Buhre on COD, it is without sufficient knowledge or information to admit or to deny the remaining allegations contained in paragraphs 43, 44 and 45.

20. Except to admit that Buhre has failed to pay PCBCNY for product it purchased, it is without sufficient knowledge or information to admit or to deny the remaining allegations of paragraph 46.

21. It is without sufficient knowledge or information to admit or to deny the allegations contained in paragraph 47.

22. Except to state that it acknowledges and respects the automatic stay imposed by the Chapter 11 bankruptcy filing by Buhre, and that it would not act in violation thereof, it is without sufficient knowledge or information to admit or to deny the remaining allegations of paragraph 48.

## FIRST CLAIM FOR RELIEF

23. It repeats its foregoing responses to the allegations contained in paragraphs 1 through 48 of the Adversary Complaint as if set forth at length herein and states that since the allegations contained in paragraphs 49 through 56 are not directed to it, it neither admits nor denies these allegations.

## SECOND CLAIM FOR RELIEF

24. It repeats its foregoing responses to the allegations contained in paragraphs 1 through 56 of the Adversary Complaint as if set forth at length herein.

25. Except to state that it acknowledges and respects the automatic stay imposed by the Chapter 11 bankruptcy filing by Buhre, and that it would not act in violation thereof, it is without sufficient knowledge or information to admit or to deny the remaining allegations of paragraph 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, and 69.

26. .It denies the allegations contained in paragraph 70.

## THIRD CLAIM FOR RELIEF

27. It repeats its foregoing responses to the allegations contained in paragraphs 1 through 70 of the Adversary Complaint as if set forth at length herein and states that since the allegations contained in paragraphs 71 through 74 are not directed to it, it neither admits nor denies these allegations.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim against this Defendant is barred, in whole or in part, in that they fail to state a claim upon which relief may be granted.

### SECOND AFFRIMATIVE DEFENSE

Plaintiff's claim against this Defendant is barred, in whole or in part, by the doctrine of unclean hands.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim against this Defendant is barred, in whole or in part, by Plaintiff's lack of standing.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim against this defendant is barred because plaintiff has suffered no irreparable injury.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claim against this Defendant is barred due to lack of jurisdiction over the subject matter

WHERFORE, Defendant, Pepsi-Cola Bottling Company of New York, Inc. demands that judgment be entered in this matter dismissing the Adversary Complaint as against it, with prejudice, and that it be awarded its costs, attorneys' fees and such other relief as the Court may deem equitable and just.

Roseland, New Jersey  
June 6, 2014

GREENBAUM ROWE SMITH & DAVIS, LLP  
Attorneys for Defendant, Pepsi-Cola Bottling Company of New York, Inc.

By: /s/Thomas A. Waldman  
Thomas A. Waldman, Esq.  
75 Livingston Ave., Suite 301  
Roseland, New Jersey 07068  
(973) 577-1928