# Law Office of Michael G. Mc Auliffe, Esq.
68 South Service Road, Suite 100
Melville, New York 11747
Telephone (631) 465-0044
Facsimile (631) 465-0045
mgmlaw@optonline.net

July 8, 2014

**Via ECF**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

      Re: **William Sanchez v. Buhre Beverage Distribution, Inc., at al**
         **Adv. Pro. No.: 14-08218-rdd**

Dear Judge Drain:

   This office is counsel to William Sanchez, the Plaintiff in the above referenced adversary proceeding. I am writing this letter pursuant to Local Rule 7056 to request a pre-motion telephone conference seeking permission for Plaintiff to interpose a motion for summary judgment. The issues to be presented and the grounds for relief can be summarized as follows:

   Plaintiff filed his complaint on April 4, 2014. Issue was joined when Pepsi-Cola Bottling Company of New York, Inc. filed its answer on June 6, 2014 and the Debtor, Bhaveen Sapra, and Bruckner Beverage, Inc. filed their answer on June 11, 2014. Plaintiff wishes to interpose a motion for summary judgment on its complaint.

   The first claim for relief seeks reformation of certain inaccurate documents related to the sale of the subject distribution route from Plaintiff to the Debtor. In brief, the inaccurate documents failed to effectuate the true intent of the parties with regard to the transfer of the distribution route.

   The second claim for relief seeks a preliminary injunction prohibiting Pepsi from actively or constructively terminating the distribution route. Subsequent to the filing of the complaint, Pepsi agreed to refrain from taking any actions to terminate the distribution route pending further order of the Court.

   The third claim for relief seeks an accounting of all monies collected by the Debtor since the Filing Date. Upon information and belief, the Plaintiff maintains that certain post petition cash receipts were not deposited by the Debtor, resulting in bounced checks to Pepsi. The Debtor

has not filed operating reports since the Filing Date, and accordingly, Plaintiff believes the request for an accounting is meritorious.

Plaintiff believes that resolution of this matter is time sensitive in that the Debtor has indicated that it intends to interpose a motion seeking to sell substantially all of the Debtor's assets pursuant to Section 363 of the Bankruptcy Code. Accordingly, a determination of the Plaintiff's status as a secured creditor, requested in the first claim for relief, is necessary.

Thank you for your kind attention to this matter.

Respectfully,

/s/ *Michael G. Mc Auliffe*

Michael G. Mc Auliffe

MGM/as
cc: Anne Penachio, Esq., Counsel to Buhre Beverage, Bhaveen Sapra
and Bruckner Beverage (Via Email)
Thomas Waldman, Esq., counsel to Pepsi (Via Email)
William Sanchez (Via Email)

C:\Users\Michael McAuliffe\Documents\Mike-DOC\Letters\Judge Drain (Sanchez) - July 8, 2014.wpd