UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

Main Case No. 14-22048-rdd

Adv. Case No. 14-08218-rdd

- - - - - - - - - - - - - - - - - - - -x

In the Matter of:

BUHRE BEVERAGE DISTRIBUTION, INC.,

        Debtor.

- - - - - - - - - - - - - - - - - - - -x

SANCHEZ,

                Plaintiff,

    -against-

BUHRE BEVERAGE DISTRIBUTION, INC.,

                Defendant.

- - - - - - - - - - - - - - - - - - - -x

         United States Bankruptcy Court

         300 Quarropas Street

         White Plains, New York

         August 8, 2014

         10:33 AM

B E F O R E:

HON. ROBERT D. DRAIN

U.S. BANKRUPTCY JUDGE

14-22048-rdd:  Motion to Approve (1) Sale Procedures; (2) Bidding Procedures; (3) Break-Up Fee, if Applicable; (4) the Form and Manner of Notice; (5) the Schedule for an Auction and Sale Hearing; (6) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, Granting the Successful Bidder Good Faith Status, Waiving the Ten-Day Stay of the Sale Order; and (7) Granting Such Other Relief as Proper

Supplemental Statement to Motion to Approve (1) Sale Procedures; (2) Bidding Procedures; (3) Break-Up Fee, if Applicable; (4) the Form and Manner of Notice; (5) the Schedule of an Auction and Sale Hearing; (6) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Interests and Encumbrances, Granting the Successful Bidder Good Faith Status, Waiving the Ten-Day Stay of the Sale Order; and (7) Granting Such Other Relief as Proper

14-08214-rdd:  Pre-Trial Conference

Transcribed by:  Aliza Chodoff

eScribers, LLC

700 West 192nd Street, Suite #607

New York, NY 10040

(973)406-2250; operations@escribers.net

```
 1
 2  A P P E A R A N C E S :
 3  PENACHIO MALARA, LLP
 4      Attorneys for Debtor
 5      235 Main Street
 6      Suite 610A
 7      White Plains, NY 10601
 8
 9  BY:   ANN PENACHIO, ESQ.
10
11
12  GREENBAUM ROWE SMITH & DAVIS LLP
13      Attorneys for Pepsi Cola Bottling Company of New York,
14         Inc.
15      75 Livingston Avenue
16      Roseland, NJ 07068
17
18  BY:   THOMAS A. WALDMAN, ESQ.
19
20
21
22
23
24
25
```

```
 1
 2  MICHAEL G. MCAULIFFE
 3          Attorney for William Sanchez
 4          68 South Service Road
 5          Suite 100
 6          Melville, NY 11747
 7
 8  BY:    MICHAEL G. MCAULIFFE, ESQ.
 9
10
11  UNITED STATES DEPARTMENT OF JUSTICE
12          Office of the United States Trustee
13          201 Varick Street
14          Suite 1006
15          New York, NY 10014
16
17  BY:    GREG M. ZIPES, ESQ.
18
19
20
21
22
23
24
25
```

P R O C E E D I N G S

1
2      THE COURT:  All right.  In Re: Buhre Beverage
3  Distributors, Inc. -- Distribution, Inc., excuse me.
4      I think you better get Ms. Penachio.
5      UNIDENTIFIED SPEAKER:  We're going to need Ms.
6  Penachio again.
7      THE COURT:  Okay.  Good morning.
8      UNIDENTIFIED SPEAKER:  Good morning, Your Honor.
9      THE COURT:  All right.  There are a couple matters on
10 the calendar today.  I think we should take the motion to
11 approve sale procedures, et cetera, first, and then deal with
12 the pre-trial.
13     MS. PENACHIO:  Thank you, Your Honor.  Ann Penachio on
14 behalf of the debtor, Buhre Beverage Distribution.
15     MR. WALDMAN:  Thomas Waldman, Your Honor, from
16 Greenbaum, Rose, Smith & Davis, Roseland, New Jersey, on behalf
17 of Pepsi Cola Bottling Company of New York, Inc.
18     MR. MCAULIFFE:  Good morning, Your Honor.  Michael
19 McAuliffe on behalf of creditor William Sanchez.
20     MR. ZIPES:  And Greg Zipes, Your Honor.
21     THE COURT:  Okay.
22     All right.  So I've reviewed the pleadings on this.
23 Has there been any further developments on that?
24     MS. PENACHIO:  I don't believe so, Your Honor.
25     THE COURT:  Okay.  All right.

1     Well, I -- the motion is unopposed with the exception
2  of a limited objection by Mr. Sanchez, who seeks an express
3  provision in the bidding procedures that he would be permitted
4  to credit bid his secured debt.  And of course, that secured
5  debt is the subject of an adversary proceeding, where,
6  admittedly, it's an unusual posture; rather than a proceeding
7  to avoid a lien, the proceeding is seeking a declaratory
8  judgment or a reformation of documents that, on their face,
9  don't show a valid lien.
10     So in my view, based upon that, I think that if Mr.
11 Sanchez were to credit bid, he would need to support that bid
12 with an escrow, a bond or letter of credit for the amount of
13 the bid in the event that I determine that he, in fact, doesn't
14 have a lien on the debtor's assets, including the distribution
15 amount.  That's the mechanism that the courts have
16 traditionally taken when there's a legitimate
17 interest -- sorry, a legitimate issue as to whether someone who
18 wants to credit bid in fact has an enforceable interest, a lien
19 in the assets that are going to be sold.
20     See, for example, In Re: RLL Development, Inc., 2014
21 Bankr. LEXIS 3024 at pages 8 through 6; (Bankr.W.D. Tenn., July
22 10, 2014), which required a LC to be posted if the lien issue
23 had not been resolved by everyone before the bid, and In Re:
24 Dibart Bancroft 1993, U.S. District LEXIS 836, (E.D. La.,
25 1993).  See also In Re: Free-Lance Star Publishing Company 2014

Bankr. LEXIS 1611 at pages 25 through 26, (Bankr.E.D. Va., April 14, 2014), which goes through the -- and which I believe properly -- the proper analysis of the limitation in Section 363 itself, which limits the right to credit bid for cause and notes that the most common reason for finding cause in that scenario is where there's a legitimate dispute as to the parties' interest in the assets to be sold.

So I'm happy to put in the procedures that Mr. Sanchez can credit bid provided that his agreement to purchase be supported by a letter of credit, an escrow or a bond in the amount of the purchase price. That is in addition to an agreement to pay the breakup fee, because I'm otherwise approving the procedures which include a 15,000-dollar breakup fee in cash. I think there's no other charges, right, or are there are other charges?

MS. PENACHIO: Your Honor, there may be. Pepsi has indicated that, as part of its agreement to transfer the route to the prospective --

THE COURT: Right.

MS. PENACHIO: -- purchaser --

THE COURT: It would be treated, in essence, as a cure.

MS. PENACHIO: Yeah. So --

THE COURT: Well, that's part of the bidding procedures, and that would have to be done in cash. That's a

1  step -- I mean, all the other aspects of it, such as assuming
2  the leases on the vending machines, those would have to be done
3  with real money, obviously.
4          MS. PENACHIO:  Very well, Your Honor.
5          THE COURT:  Yeah.
6          MR. WALDMAN:  The other issue, Your Honor, that's
7  raised in the response that we filed to Mr. Sanchez's
8  opposition is this.  One of the conditions of bidding,
9  obviously, is that Pepsi --
10         THE COURT:  I understand.
11         MR. WALDMAN:  -- that my client approve --
12         THE COURT:  But that'll be dealt with when we deal
13 with the sale.
14         MR. WALDMAN:  Okay.  Thank you, Your Honor.
15         THE COURT:  Okay?
16         So other than that, there's no objection to the sale
17 procedures, and I find them to be appropriate.  So you can make
18 the revision that I just went through on Mr. Sanchez's
19 objection and then submit the order and the procedures with the
20 procedures attached.  I think it's a good idea to attach them,
21 because -- you now have the supplement?
22         MS. PENACHIO:  Yes, Your Honor.
23         THE COURT:  So you should mark those up.  You're
24 probably going to need to circulate them with a blackline to
25 the purchaser's counsel, Pepsi's counsel and Mr. McAuliffe.

1   MR. WALDMAN:  Thank you, Your Honor.
2   MS. PENACHIO:  Very well, Your Honor.
3   THE COURT:  Okay.  Thanks.
4   All right.  And then, we have the pre-trial
5 conference, too.  As I remember, we had the Local Rule 756
6 conference, and I gave Mr. Sanchez the option to file a motion
7 for summary judgment.  I guess the time for that
8 quite -- hasn't quite expired yet.
9   MR. MCAULIFFE:  Correct, Your Honor.  We're presently
10 on for September 23rd for the date for the hearing --
11   THE COURT:  That's the hearing date?
12   MR. MCAULIFFE:  Which I understand is the date --
13   THE COURT:  Okay.
14   MR. MCAULIFFE:  -- of the sale approval hearing.
15   THE COURT:  All right.  Well, we'll -- that will
16 either be a hearing on the summary judgment motion or a pre-
17 trial conference, then.  And discovery's complete?  Is that
18 right?
19   MR. MCAULIFFE:  No, Your Honor.
20   MS. PENACHIO:  No --
21   THE COURT:  No?
22   MS. PENACHIO:  -- Your Honor.  It hasn't even begun.
23   THE COURT:  Oh, okay.  All right.  That's why I'm
24 somewhat reluctant to grant --
25   MS. PENACHIO:  Right.

1    THE COURT:  -- the permission to file a summary
2 judgment motion.
3    So you should discuss, pending that hearing, what you
4 think would be an appropriate discovery schedule.
5    MS. PENACHIO:  Thank you, Your Honor.
6    THE COURT:  Okay.
7    MR. MCAULIFFE:  We will, Your Honor.  Thank you.
8    THE COURT:  I mean, it looks like here, unless Mr.
9 Sanchez is able to bid, that there will be real cash to deal
10 with.  So this is meaningful, and so you all should discuss
11 that discovery schedule just as a fallback if I don't grant the
12 summary judgment motion.
13    MS. PENACHIO:  Thank you, Your Honor.
14    THE COURT:  Okay.
15    IN UNISON:  Thank you, Your Honor.
16    THE COURT:  And you don't have to bring -- if you
17 decided not to bring it, you don't have to bring it.  We can go
18 right to a pre-trial order, too.
19    MR. MCAULIFFE:  I understand, Judge.  We're finalizing
20 it as of right now.
21    THE COURT:  Okay.
22    MR. MCAULIFFE:  But thank you, Judge.
23    THE COURT:  All right.  Thanks.  Okay.
24    (Whereupon these proceedings were concluded at 10:41 AM)
25

**1**
**2**                     **I N D E X**
**3**
**4**                     **RULINGS**
**5**                                       **PAGE     LINE**
**6** **Debtor's motion to approve sales and bidding   8      17**
**7** **procedures granted as modified**
**8**
**9**
**10**
**11**
**12**
**13**
**14**
**15**
**16**
**17**
**18**
**19**
**20**
**21**
**22**
**23**
**24**
**25**

# C E R T I F I C A T I O N

I, Aliza Chodoff, certify that the foregoing transcript is a true and accurate record of the proceedings.

_____

ALIZA CHODOFF

AAERT Certified Electronic Transcriber CET**D-634

eScribers

700 West 192nd Street, Suite #607

New York, NY 10040

Date: August 14, 2014