EXHIBIT "J"

## PROMISSORY NOTE

Principal Balance: $78,000.00
Date: July 31, 2013

FOR VALUE RECEIVED, BRUCKNER BEVERAGE INC., doing business at 22 Stony Hollow, Chappaqua, New York 10514, hereinafter referred to as "MAKER", WILLIAM SANCHEZ, residing at 145 Georgetown Road, Weston, Connecticut 06883, hereinafter referred to as "PAYEE", do hereby acknowledge that the MAKER agrees to pay the principal sum of SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS upon demand as follows:

> If this note is paid in full on or before on November 1, 2013, there will be no interest due upon the principal balance.
>
> If the principal balance of SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS is not paid in full on or before November 1, 2013, then the outstanding principal balance shall accrue at the rate of ~~TWENTY (20%)~~ TWELVE (12) PERCENT per annum from August 1, 2013. *BS /vJ.*

1. The rights, duties and obligations arising under this Promissory Note shall be subject to the terms of the Contract of Sale executed simultaneously herewith.

2. MAKER and the PAYEE each hereby waive trial by jury in any action or proceeding arising on, out of, under or by reason of this Note.

3. The MAKER hereby waives notice of presentment for payment, demand for payment, except as provided in paragraph 4, notice of non-payment and dishonor, protest and notice of protest.

4. If this Note is not paid when due and if it is placed with an attorney for collection, the MAKER hereby agrees to pay all costs and expenses of collection reasonably incurred by the PAYEE plus a reasonable attorney's fee which shall be

applied to the amount due under this Note and recoverable with the amount due hereunder. For every notice of default PAYEE's attorney sends to the MAKER, MAKER shall be obligated to pay a legal fee of $150.00. If the PAYEE accepts a payment despite knowing that MAKER has breached a provision of this Note, the PAYEE shall not be deemed to have waived the right to obtain a remedy for such breach. Payment by MAKER or receipt by the PAYEE of a lesser amount than the amount(s) then due shall be deemed an "on account" payment of the earliest monthly payment or additional amount then unpaid. No endorsement, statement on any check, or any letter accompanying a check or payment shall be deemed to be an accord and satisfaction. The PAYEE may accept such check or payment without prejudice to the PAYEE's right to recover the balance due, or pursue such other remedy as provided in the Promissory Note or available at law.

5. This Note is secured by a loan Security Agreement made by the MAKER, as mortgagor, to the PAYEE of mortgagee on even date, encumbering among other assets the MAKER's distributorship business described in the territorial map attached hereto.

6. Nothing contained in this Note or in any other agreement between the MAKER and the PAYEE requires the MAKER to pay, or the PAYEE to accept interest in an amount which would subject the PAYEE to any penalty or forfeiture under applicable law. In no event shall the total of all charges payable hereunder, whether of interest or of such other charges which may or might be characterized as interest, exceed the maximum rate permitted to be charged under the laws of the State of New York. Should the PAYEE Note receive any payment which is or would be in excess of that permitted to be charged under said laws, such payment shall have been, and shall be

deemed to have been made in error and shall automatically be applied to reduce the principal indebtedness outstanding on this Note.

7. This Note may not be modified except and only by a written instrument executed by the party to be charged therewith in the same manner as this Note has been executed.

8. This Note may be executed in duplicate and such duplicate original shall be deemed to constitute but one and the same instrument.

9. This Note shall be governed by and construed in accordance with and pursuant to the laws of the State of New York.

10. The MAKER acknowledges that this Note constitutes a valid and binding indebtedness for SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS.

Dated: July 31, 2013
       Purchase, New York

BRUCKNER BEVERAGE INC.

By: _____
BHAVEEN SAPRA, President

Witnessed:

_____

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

On the 31st day of July in the year 2013, before me, the undersigned Notary Public in and for the State of New York, personally appeared BHAVEEN SAPRA, residing at 22 Stony Hollow, Chappaqua, New York 10514, to me known, who, being by me duly sworn, did depose and say that he is the President of BRUCKNER BEVERAGE INC., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order.

NOTARY PUBLIC

JOHN C LETTERA
Notary Public, State of New York
No. 02LE6211723
Qualified in Westchester County
Commission Expires September 21, 2013

4