# PENACHIO MALARA, LLP

Francis J. Malara.*  
Anne J. Penachio*  
_____

*Also admitted in CT

ATTORNEYS AT LAW  
235 Main Street, Suite 600 A  
White Plains, New York 10601  
Telephone (914) 946-2889  
Facsimile (914) 946-2882

September 19, 2014

**Electronically Filed**

The Honorable Robert D. Drain  
United States Bankruptcy Judge  
Charles L. Brieant, Jr. Federal Building  
and Courthouse  
300 Quarropas Street  
White Plains, New York  10601

        RE: BUHRE BEVERAGE DISTRIBUTION, INC.  
             Case No.: 14-22048(rdd)

             WILLIAM SANCHEZ v. BUHRE BEVERAGE DISTRIBUTION,  
             INC., BHAVEEN SAPRA, BRUCKNER BEVERAGE, INC.  
             and PEPSI COLA BOTTLING COMPANY OF NEW  
             YORK, INC.  
             Adv. Pro. No.: 14-08218(rdd)

Dear Judge Drain:

       I serve as counsel for the above-referenced Chapter 11 debtor, a defendant in the adversary proceeding. I am writing to request and adjournment of the motion of William Sanchez ("Sanchez") for summary judgment which is docketed as ECF # 20.

       I have contacted Michael McAuliffe, counsel to Sanchez, regarding my request and am awaiting a response.

       By way of background, Sanchez requested permission to make a motion for summary judgment on or about July 8, 2014, approximately 2 months prior to making the motion. Sanchez primarily seeks a determination that he holds a secured claim. In July, Sanchez indicated that the issue was time sensitive because a determination as to Sanchez's secured status was necessary to establish his right, if any, to make a "credit bid" for the Debtor's assets. Based upon the conference, I expected a motion to be forthcoming shortly thereafter. Instead of a motion for summary judgment, on or about August 8, 2014, Sanchez served me with a discovery demand. I inferred from the demand that Sanchez had abandoned his desire to file a summary judgment motion. This inference was further supported by the fact that Sanchez failed

to bid on the Debtor's assets.   On September 5, 2014, I received an ECF notice that Sanchez had filed a motion for summary judgment notwithstanding his discovery demand.  Although I awaited hard copies of the pleadings, I did not receive them.

I submit that the motion should be adjourned for at least four (4) separate and independent reasons.

First, Sanchez provided insufficient notice of the motion which was filed on September 5, 2014.   While under the technical time periods implicated by FRCP 6, the motion may have been timely filed, the delay in filing (from July 8 to September 5) resulted in the Debtor being afforded insufficient response time.  The motion contains highly detailed facts and an affirmation from a third party, Mr. Stern, former counsel to Sanchez which simply cannot be addressed in a brief period of time.   The shortened time frame afforded to the Debtor was aggravated by the fact that the motion was served at a time when the Debtor was devoted to addressing issues pertinent to the auction sale of its assets including responding to numerous questions from prospective purchasers.

Second, the motion is not time sensitive.  Sanchez had initially indicated, in sum and substance, during a conference, that the motion was time sensitive because he intended to submit a "credit bid" for the Debtor's assets.  However, notwithstanding that representation, no bid was made by Sanchez.  As such, it would appear that the classification of Sanchez's claim as a secured claim is no longer "urgent."  Indeed, I am not sure that the classification of the claim is of any significant financial importance given the pending sale of the assets and the absence of other significant claimants.

Third, prior to receipt of the motion, on August 8, 2014, I was served with a discovery demand by Sanchez.  Specially, I received a notice of examination of the Debtor's principal which was scheduled for August 28, 2014.  When I received the notice, I assumed that Sanchez would not be filing any motion until at least 30 days after the close of discover (which he commenced).   Manifestly, Sanchez would not have served a discovery demand had he not believed that there are factual issues which require discovery.  On the eve of the examination, Mr. McAuliffe advised me, in sum and substance, that he could not appear at the examination and would be re-scheduling it.   I assumed from the postponement of the examination that Sanchez would proceed with discovery not a motion for summary judgment prior to the conclusion of discovery.

Fourth, given the depth and comprehensiveness of Mr. Sanchez's motion, it is simply unrealistic that a thorough response could be interposed within the time frame he chose.

Thank you for your consideration.

Respectfully,

Anne Penachio

Cc: Michael McAuliffe, Esq., counsel for Sanchez (by e-mail)

Thomas Waldman, Esq., counsel for Pepsi, (by e-mail)