# Law Office of Michael G. Mc Auliffe, Esq.

68 South Service Road, Suite 100
Melville, New York 11747
Telephone (631) 465-0044
Facsimile (631) 465-0045
mgmlaw@optonline.net

September 19, 2014

**Via ECF**

Honorable Robert D. Drain
United States Bankruptcy Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4140

        Re:    **In re Buhre Beverage Distribution, Inc.**
                 **Case No. 14-22048-rdd**

                 **William Sanchez v. Buhre Beverage Distribution, Inc., at al**
                 **Adv. Pro. No.: 14-08218-rdd**

Dear Judge Drain:

       This office is counsel to William Sanchez, the Plaintiff in the above referenced adversary proceeding. The Debtor's counsel has submitted a letter earlier this afternoon requesting an adjournment of Mr. Sanchez' pending motion for summary judgment (the "Summary Judgment Motion") which is scheduled to be heard by the Court on September 23, 2014 at 10:00 a.m. Please allow this letter to serve as opposition to the requested adjournment. Alternatively, to the extent that Your Honor is inclined to grant the requested adjournment, I respectfully submit that the hearing on the Debtor's motion to approve the sale of the Debtor's assets (the "Sale Approval Motion") also be adjourned to the same date.

       While Debtor's counsel admits that the Summary Judgment Motion was timely filed and served in accordance with the applicable law and rules of this Court (and further acknowledges that she received notice of the electronic filing on September 5, 2014), she implores the Court to adjourn the matter because the time frame allowed by law is "unrealistic". It is respectfully submitted that the time allowed by the applicable law and rules of this Court should be deemed to be sufficient.

  Debtor's counsel further incorrectly asserts that an adjournment of the Summary Judgment Motion is not time sensitive. Plaintiff's counsel reasons that as Mr. Sanchez did not credit bid at the auction, time is no longer of the essence. However, as outlined in Mr. Sanchez' Objection to the Debtor's Sale Motion filed earlier this afternoon (Docket # 36), in the event that the Summary Judgment Motion is granted in favor of Mr. Sanchez, then he shall hold a secured claim against the Debtor's assets in the approximate sum of $978,000.00. On September 16, 2014, the Debtor's counsel advised me that the auction was being cancelled as there were no "qualified bidders" as defined in the Sale Order and accompanying Bidding Procedures other than the "stalking horse bidder". Accordingly, it now appears that the Debtor shall be seeking authority to sell the Debtor's assets to the stalking horse bidder for a sum substantially less than Sanchez' claim, and is thus objectionable to Sanchez. To the extent that Sanchez is successful on the Summary Judgment, it is respectfully submitted that such objection will be fatal to the proposed sale, and thus it is imperative that both matters be heard contemporaneously.

  Thank you for your kind attention to this matter.

                   Respectfully,

                   */s/ Michael G. Mc Auliffe*

                   Michael G. Mc Auliffe

MGM/as
cc: Anne Penachio, Esq., Counsel to Buhre Beverage, Bhaveen Sapra
   and Bruckner Beverage (Via Email)
   Thomas Waldman, Esq., counsel to Pepsi (Via Email)
   William Sanchez (Via Email)