## PROMISSORY NOTE

Principal Balance: $78,000.00
Date: July 31, 2013

FOR VALUE RECEIVED, BRUCKNER BEVERAGE INC., doing business at 22 Stony Hollow, Chappaqua, New York 10514, hereinafter referred to as "MAKER", WILLIAM SANCHEZ, residing at 145 Georgetown Road, Weston, Connecticut 06883, hereinafter referred to as "PAYEE", do hereby acknowledge that the MAKER agrees to pay the principal sum of SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS upon demand as follows:

> If this note is paid in full on or before on November 1, 2013, there will be no interest due upon the principal balance.
>
> If the principal balance of SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS is not paid in full on or before November 1, 2013, then the outstanding principal balance shall accrue at the rate of ~~TWENTY (20%)~~ TWELVE (12) PERCENT per annum from August 1, 2013.   BS /s/.

1. The rights, duties and obligations arising under this Promissory Note shall be subject to the terms of the Contract of Sale executed simultaneously herewith.

2. MAKER and the PAYEE each hereby waive trial by jury in any action or proceeding arising on, out of, under or by reason of this Note.

3. The MAKER hereby waives notice of presentment for payment, demand for payment, except as provided in paragraph 4, notice of non-payment and dishonor, protest and notice of protest.

4. If this Note is not paid when due and if it is placed with an attorney for collection, the MAKER hereby agrees to pay all costs and expenses of collection reasonably incurred by the PAYEE plus a reasonable attorney's fee which shall be

applied to the amount due under this Note and recoverable with the amount due hereunder. For every notice of default PAYEE's attorney sends to the MAKER, MAKER shall be obligated to pay a legal fee of $150.00. If the PAYEE accepts a payment despite knowing that MAKER has breached a provision of this Note, the PAYEE shall not be deemed to have waived the right to obtain a remedy for such breach. Payment by MAKER or receipt by the PAYEE of a lesser amount than the amount(s) then due shall be deemed an "on account" payment of the earliest monthly payment or additional amount then unpaid. No endorsement, statement on any check, or any letter accompanying a check or payment shall be deemed to be an accord and satisfaction. The PAYEE may accept such check or payment without prejudice to the PAYEE's right to recover the balance due, or pursue such other remedy as provided in the Promissory Note or available at law.

5. This Note is secured by a loan Security Agreement made by the MAKER, as mortgagor, to the PAYEE of mortgagee on even date, encumbering among other assets the MAKER's distributorship business described in the territorial map attached hereto.

6. Nothing contained in this Note or in any other agreement between the MAKER and the PAYEE requires the MAKER to pay, or the PAYEE to accept interest in an amount which would subject the PAYEE to any penalty or forfeiture under applicable law. In no event shall the total of all charges payable hereunder, whether of interest or of such other charges which may or might be characterized as interest, exceed the maximum rate permitted to be charged under the laws of the State of New York. Should the PAYEE Note receive any payment which is or would be in excess of that permitted to be charged under said laws, such payment shall have been, and shall be

deemed to have been made in error and shall automatically be applied to reduce the principal indebtedness outstanding on this Note.

7. This Note may not be modified except and only by a written instrument executed by the party to be charged therewith in the same manner as this Note has been executed.

8. This Note may be executed in duplicate and such duplicate original shall be deemed to constitute but one and the same instrument.

9. This Note shall be governed by and construed in accordance with and pursuant to the laws of the State of New York.

10. The MAKER acknowledges that this Note constitutes a valid and binding indebtedness for SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS.

Dated: July 31, 2013
Purchase, New York

BRUCKNER BEVERAGE INC.

By: _____
BHAVEEN SAPRA, President

Witnessed:

_____

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF WESTCHESTER      )

On the 31st day of July in the year 2013, before me, the undersigned Notary Public in and for the State of New York, personally appeared BHAVEEN SAPRA, residing at 22 Stony Hollow, Chappaqua, New York 10514, to me known, who, being by me duly sworn, did depose and say that he is the President of BRUCKNER BEVERAGE INC., the corporation described in and which executed the foregoing instrument; that he knows the seal of said corporation; that the seal affixed to said instrument is such corporate seal; that it was so affixed by order of the board of directors of said corporation, and that he signed his name thereto by like order.

                                                        _____
                                                               NOTARY PUBLIC

JOHN C LETTERA
Notary Public, State of New York
No. 02LE6211723
Qualified in Westchester County
Commission Expires September 21, 2013

4

(a) With notice to Debtor, foreclose the Security Interest created herein by any available judicial procedure, or take possession of the Collateral, or any portion thereof, with or without judicial process, and enter any premises where the Collateral may be located for the purpose of taking possession of or removing the same, or rendering the same unusable, or disposing of the Collateral on such premises, and Debtor agrees not to resist or interfere therewith; and

(b) Require Debtor to prepare, assemble or collect the Collateral, at Debtor's own expense, and make the Collateral available to Secured Party at such time and place as Secured Party may designate in the demand; and

(c) Sell, lease or otherwise dispose of all or any part of the Collateral, whether in its then condition or after further preparation, in Debtor's name or in its own name, or in the name of such party as Secured Party may designate, either at public or private sale (at which Secured Party shall have the right to purchase), in lots or in bulk, for cash or for credit, with or without warranties or representations, and upon such other terms as Secured Party, in its sole discretion, may deem advisable. The Secured Party shall give Debtor ten days written notice of such public sale date or dates, after which private sale may occur, or such lesser period of time in the case of an emergency, shall constitute reasonable notice hereunder; and

(d) Execute and deliver documents of title, certificates of origin, or other evidence of payment, shipment or storage of any Collateral or proceeds on behalf of and in the name of Debtor; and

(d) Remedy any Default by Debtor hereunder, without waiving such Default, and any monies expended in so doing shall be chargeable with interest at the rate of NINE (9%) PERCENT per annum to Debtor and added to the Obligations secured hereby; and

(e) Apply for an injunction to restrain a breach or threatened breach of this Agreement by Debtor.

6.03 Waiver or acquiescence to any Default by the Debtor, or the failure of the Secured Party to insist upon the strict compliance of any provisions of the Note or Security Agreement, shall not constitute a waiver of a subsequent Default or failure to comply with the provisions of the Note or Security Agreement.

6.04 The Debtor shall remain liable for any deficiency resulting from a sale of the Collateral, and shall pay any such deficiency forthwith upon demand.

**7.00 Cumulative Rights**. All rights, remedies and powers granted to Secured Party herein, or in any instrument or document related hereto, or provided or implied by law or in equity shall be cumulative and may be exercised singly or concurrently, on one or more occasions.

**8.00 Notices**. All notices, requests, demands or other communications provided for herein shall be in writing and shall be deemed to have been given when sent by certified mail, return receipt requested, addressed to the parties at their respective addresses hereinabove set forth, or at such other addresses as the parties may hereinafter designate by written notice.

8.01 Debtor immediately shall notify Secured Party of any change in the address of Debtor, or discontinuance of the principal place of business of Debtor.

8.02 If Debtor fails to notify the Secured Party of a Default relating to paragraphs 1.04(c) – 1.04(h) within two (2) days after such Default, the ten (10) day time period shall commence without notice upon the date of such Default.

**9.00 Modification and Waiver.** No modification or waiver of any provision of this Agreement, and no consent by Secured Party to any breach thereof by Debtor, shall be effective unless such modification or waiver shall be in writing, and signed by Secured Party.

9.01 The modification or waiver shall thereafter be effective only for the period and upon the conditions specified in such writing.

9.02 No course of dealing between Debtor and Secured Party in exercising any Rights or Remedies hereunder shall operate as a waiver, or preclude the exercise of any other Rights or Remedies.

9.03 All Rights and Remedies shall continue unimpaired, notwithstanding any delay, extension of time, renewal, or compromise granted with regard to any of the Obligations.

**10.00 Applicable Law and Interpretation.**

10.01 This Agreement shall be construed in accordance with and shall be governed by the laws of the State of New York.

10.02 The invalidity or unenforceability of any provision of this Agreement shall not effect the validity or enforceability of any other provision of this Agreement.

10.03 The captions in this Agreement are for convenience and reference, and shall not be used to define, limit, or describe the scope or intent of this Agreement.

11

10.04 The gender and number used in this Agreement are used for reference term only and shall apply with the same effect whether the parties are masculine, feminine, neuter, singular or plural.

### 11.00 Parties Bound by the Security Agreement.

11.01 This Agreement shall be binding upon and inure to the benefit of the parties hereto, and their respective heirs, executors, administrators, legal representatives, successors and assigns.

11.02 Secured Party may assign this Agreement, and if assigned, the assignee shall be entitled, upon notifying Debtor, to the payment and performance of all of the Obligations and agreements of Debtor hereunder and to all of the Rights and Remedies of Secured Party hereunder. Debtor will assert no claims or defenses Debtor may have against Secured Party against the assignee.

11.03 The gender and number used in this Agreement are used for reference, and shall equally apply to parties that are corporation, partnerships, masculine, feminine, singular or plural.

**IN WITNESS WHEREOF**, the parties hereto have duly executed this Agreement on the 31st day of July, 2013.

Dated: Purchase, New York

_____
WILLIAM SANCHEZ

BRUCKNER BEVERAGE INC.

_____
By: BHAVEEN SAPRA, President

STATE OF NEW YORK            )
                             )
COUNTY OF WESTCHESTER        )    (Bhaveen Safra)

    On the 31st day of July, 2013, before the undersigned, a Notary Public in and for the State of New York, personally appeared ~~WILLIAM SANCHEZ~~, personally known to me or proved to me on the basis of a satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same.

        JOHN C LETTERA
    Notary Public, State of New York
        No. 02LE6211723
   Qualified in Westchester County
 Commission Expires September 21, 2013

                                            NOTARY PUBLIC

STATE OF NEW YORK            )
                             )
COUNTY OF WESTCHESTER        )

On the 31st day of July in the year 2013 before me, the undersigned, a Notary Public in and for the State of New York, personally appeared WILLIAM SANCHEZ personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual executed the instrument.

                                            NOTARY PUBLIC

                        ALLAN M. STERN
            NOTARY PUBLIC, STATE OF NEW YORK
                   NO. 02ST6105979
              QUALIFIED IN NASSAU COUNTY
                COMMISSION EXPIRES
                       2/23/16