# NOTICE OF SALE

TO:     Bruckner Beverage, Inc.
         22 Stony Hollow
         Chappaqua, New York 10514

TO:     PBR Beverage Inc.
         22 Stony Hollow
         Chappaqua, New York 10514

TO:     Bhaveen Sapra
         22 Stony Hollow
         Chappaqua, New York 10514

TO:     Bruckner Beverage, Inc.
         c/o Buhre Beverage Dist., Inc.
         650 Brush Avenue
         Bronx, New York 10465

TO:     Bhaveen Sapra
         650 Brush Avenue
         Bronx, New York 10465

TO:     Buhre Beverage Dist., Inc.
         650 Brush Avenue
         Bronx, New York 10465

TO:     John C. Lettera, Esq.
         Lettera Mosiello LLP
         2900 Westchester Avenue
         Purchase, New York 10577

         Service by certified mail, return receipt requested, and first-class mail.

Re:     BRUCKNER BEVERAGE INC., BUHRE BEVERAGE DIST. INC., PBR BEVERAGE INC., BHAVEEN SAPRA and WILLIAM SANCHEZ

By virtue of the defaults of a Security Agreement dated July 31, 2013 by and between Bruckner Beverage Inc., Buhre Beverage Dist., Inc. and William Sanchez, Secured Party, the Secured Party has authorized D. Strauss Auctioneers & Appraisers Inc. to sell the rights, title and interest in certain assets to satisfy the security interest, namely: a certain Pepsi-Cola distributor agreement by and between Buhre Beverage Dist., Inc. and Pepsi-Cola Bottling Company of New York, Inc., a certain Pepsi-Cola pending distributor agreement by and between Bhaveen Sapra/John Brown/Bruckner Beverage Inc. and Pepsi-Cola Bottling Company of New

York, Inc., a 2004 International Harvester truck V.I.N. 1HTMMAN74H607626, a lease for 2004 International Harvester truck V.I.N. 1HTMMAN74H607626, a 2005 Kenworth truck V.I.N. 2NKMLZ9X95N100779, and all of the assets, equipment, parts, inventory, accounts receivable and the proceeds derived therefrom by Bruckner Beverage Inc. or Buhre Beverage Dist., Inc. on January 14, 2014 at 10 a.m., at the steps of the Supreme Court of the State of New York, Bronx County, 851 Grand Concourse, Bronx, New York 10451,

Term Of Sale: The assets are to be sold to satisfy the security interest as and where is. There are no guarantees, representations or warranties as to condition, quality, description or rights to the assets being sold. 25% of the Auction Sale price is due at the Auction Sale in cash or by bank or certified check payable to D. Strauss Auctioneers & Appraisers Inc. ("Downpayment"). The Downpayment is to be held in escrow pending the payment in full of the Sale Price balance not later than the close of business on the tenth (10) Day after the Auction Sale. The Sale Price balance must be paid in full in cash, or by bank or certified check payable to D. Strauss Auctioneers & Appraisers, Inc. not later than the close of business on the tenth (10) day after the Auction Sale. Failure to timely pay the Sale Price in full will result in the forfeiture of the Downpayment without notice. The Secured Party reserves the right to make a credit bid at the Auction Sale. For further information, contact: Robert Strauss, Auctioneer (516) 770-3098.

TAKE NOTICE THAT:

1. By the failure of Bruckner Beverage Inc. to make the payments due upon two (2) promissory notes both dated July 31, 2013, Bruckner Beverage Inc. is in default. The combined amount due upon the promissory notes is NINE HUNDRED and SEVENTY-EIGHT THOUSAND ($978,000.00) DOLLARS and is now due and owing.

2. In consideration for the execution of the promissory notes, the Secured Party obtained a lien upon property securing payment and gave notice thereof by filing a UCC-1. The property against which the lien exists and which will be sold, includes the rights, title and interest in: a distributorship by and between Buhre Beverage Dist., Inc. and Pepsi-Cola Bottling Company of New York, Inc. (the written Distributor Agreement is hereinafter referred to as "The Distributorship"), a pending distributorship agreement by and between Bhaveen Sapra/John Brown/Bruckner Beverage Distributor, Inc. and Pepsi-Cola Bottling Company of New York, Inc. ("Pepsi"), a 2004 International Harvester truck V.I.N. 1HTMMAN74H607626, a lease for the

2004 International Harvester truck V.I.N. 1HTMMAN74H607626, a 2005 Kenworth truck V.I.N. 2NKMLZ9X95N100779, and the assets, equipment, parts, inventory, accounts receivable all pertaining to The Distributorship the and the proceeds of The Distributorship retained by Bahaveen Sapra or Bruckner Beverage, Inc. (jointly referred to as "The Assets")

3. The estimated value of The Assets to the Secured Party is NINE HUNDRED THOUSAND ($900,000.00) DOLLARS. In estimating the value, the Secured Party gives notice that The Distributorship and the pending distributorship agreement by and between Bhaveen Sapra/John Brown/Bruckner Beverage Distributor, Inc.[1] and Pepsi are subject to Pepsi transfer restrictions. No representations are made that: Pepsi will approve of the transfer of either or both aforementioned distributorships; or, The Distributorship or the pending distributorship agreement by and between Sapra/John Brown/Bruckner Beverage Distributor, Inc. and Pepsi have determinable values prior to fulfilment of Pepsi transfer restrictions. The other assets (two trucks, equipment, parts, inventory, accounts receivable) are estimated to have a combined value of approximately FIFTEEN THOUSAND ($15,000.00) DOLLARS.

4. The amount of the lien at the date of this Notice is NINE HUNDRED THOUSAND ($900,000.00) DOLLARS, plus interest and fees stated in the Security Agreement. On November 2, 2013, Allan M. Stern, attorney for William Sanchez, sent Notices of Default dated November 1, 2013 to Bruckner Beverage Inc. and to John C. Lettera, Esq. The Notices of Default indicated that Bruckner Beverage Inc. was in default, having failed to make:

---

[1] In the Contract of Sale dated the 27th day of December, 2012 ("First Contract") between Buhre Beverage Dist., Inc. ("Buhre") and PBR Beverage Inc. ("PBR"), and by Bhaveen Sapra ("Sapra"), the parties agreed that: PBR would pay Buhre ONE MILLION ONE HUNDRED AND SEVENTY-FIVE THOUSAND ($1,1,75,000.00) DOLLARS; and that Sapra would remain not less than 51% owner of any corporation formed to fulfill the terms of the contract. Sapra and PBR defaulted. Sapra, Bruckner Beverage Inc. and Sanchez entered into the contract dated the 31st day of July, 2013 ("Second Contract") incorporating terms of the First Contract. The Second Contract referenced the promissory notes and security agreement cited herein.

(a) the payments of NINE THOUSAND SEVENTEEN DOLLARS AND TWENTY-NINE ($9,017.29) CENTS which were due and payable on or before November 1, 2013 pursuant a Promissory Note dated July 31, 2013 ("First Promissory Note"). The Notice of Default further provided that, unless such default was cured within fifteen (15) days of the date of the Notice of Default, then the arrearages and costs of collection immediately become due and payable in full.

(b) the payment of SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS which was due and payable on or before August 1, 2013 pursuant to a Promissory Note dated July 31, 2013 ("Second Promissory Note"). The Notice of Default further provided that unless such default was cured within fifteen (15) days of the date of the Notice of Default, then the arrearages and costs of collection immediately become due and payable in full. Pursuant to the terms of the Security Agreement, the principal balance due is hereby accelerated. The principal balance due upon the First Promissory Note is NINE HUNDRED THOUSAND ($900,000.00), plus interest and fees, and the principal balance due upon the Second Promissory Note is SEVENTY-EIGHT THOUSAND ($78,000.00) DOLLARS, plus interest and fees.

4. The payments due pursuant to the Security Agreement dated July 31, 2013 were not paid when due, and the time to cure the default has expired.

5. The Secured party will advertise the Auction Sale by public notice once a week for two (2) consecutive weeks in a newspaper in the town or city in which such sale is to be held, and such sale shall be held not less than fifteen (15) days from the first publication.

6. The Owner of The Assets, Bruckner Beverage, Inc., PBR Beverage, Inc., Buhre Beverage Dist., Inc., Bhaveen Sapra or any other person shall pay the amount of the lien with interest and fees then due on or before January 14, 2014 at 10:00 a.m. at the steps of the Supreme Court of the State of New York, Bronx County, 851 Grand Concourse, Bronx,

New York 10451, and if the amount of the lien, interest and fees then due are not paid by cash, bank or certified check at or before 10:00 a.m. on January 14, 2014, The Assets will be sold at auction to the highest bidder by an agent for the undersigned.

7. The Owner of the Assets, the parties receiving a copy of this notice or any other person is entitled to bring a proceeding to dispute the validity of the lien or the amount claimed. The claim shall be made pursuant to section 201-a of Article 9 of the Lien Law within ten (10) days of service of this Notice.

8. The Secured Party asserts a claim to all sums accruing to The Distributorship subsequent to the date of this notice, and prior to payment in full or sale of The Assets. Payment for such amounts is hereby demanded.

Dated: December 4, 2013
      Glen Head, New York 11545

---

ALLAN M. STERN, Esq.
Attorney for William Sanchez, Secured Party
89 Plymouth Drive North
Glen Head, New York 11545
(516) 747-6223

# VERIFICATION

William Sanchez, residing at 145 Georgetown Road, Weston, Connecticut 06883, the secured party, does hereby verify that:

1. The lien upon The Assets is valid.

2. The debt upon which the lien is founded is due and has not been paid.

3. The facts stated in the notice are true to the best of my knowledge and belief.

Dated: December 6, 2013

_____
WILLIAM SANCHEZ

State of Connecticut, County of Fairfield          ss:

On the 6th day of December in the year 2013
before me, the undersigned, personally appeared William Sanchez, residing at 145 Georgetown Road, Weston, Connecticut 06883
personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
(signature and office of individual taking acknowledgment)

Carol Figueroa-Sanchez
Notary Public-Connecticut
My Commission Expires
June 30, 2017