UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

BUHRE BEVERAGE DISTRIBUTION, INC.,          Chapter 11

                                                              Case No. 14-22048-rdd

                                     Debtor.
------------------------------------------------------------X

WILLIAM SANCHEZ,
                                     Plaintiff,


-against-


                                                      Adv. Pro. No.: 14-08218-rdd

BUHRE BEVERAGE DISTRIBUTION, INC.,
BHAVEEN SAPRA and BRUCKNER BEVERAGE, INC.

                                    Defendants.

------------------------------------------------------------X


# DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT UNDER FRBP 7056

# TABLE OF CONTENTS

I. PRELIMINARY STATEMENT ..................................................................1

II. FACTS FOR PURPOSES OF THE MOTION.....................................................1

III. ISSUES PRESENTED..........................................................................2

IV. ANSWER.....................................................................................2

V. DISCUSSION..................................................................................3

    Summary Judgment Standard................................................................3

    Reformation..............................................................................4

    Accounting...............................................................................5

    Affirmative Defenses.....................................................................5

VI. CONCLUSION................................................................................6

# TABLE OF AUTHORITIES

## Statutes

F.R.C.P. 56 ................................................................................................3

## Cases

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48,
106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)..........................................................3

*Bailey v. Bergen* 22 Sickels 346, 1876 WL 12767 N.Y. (1876)............................5

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322,
106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) .........................................................3

*Citibank, N.A. v. Morgan Stanley & Co. Intern., PLC*, 724 F.Supp.2d 407,
416 (S.D.N.Y.,2010)....................................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87,
106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).........................................................3

*Matthews v. Castro*, 35 AD 3d, 403 404 (2006)...............................................4

*Migliore v. Manzo*, 28 A.D.3d 620, 813 N.Y.S.2d 762 (2nd Dept. 2006). ............4

*Ulster Savings Bank v. Kizelnuk*, 190 B.R. 171, 180 (Bankr. S.D.N.Y. 1995)..........5-6

*Weinstock v. Columbia Univ.*, 224 F.3d 33, 41
(2d Cir. 2000), *cert. denied*, 540 U.S. 811, 124 S.Ct. 53, 157 L.Ed.2d 24 (2003).............3

*Wimmar Co. Inc. v. Teachers Ins. And Annuity Assoc. of America*,
870 F.Supp 524, 535 (S.D.N.Y. 1994). ..........................................................4

# PRELIMINARY STATEMENT

Buhre Beverage ("Buhre"), Bhaveen Sapra ("Sapra") and Brucker Beverage, Inc. ("Bruckner") the above-captioned defendants ( collectively, the "Defendants") in this action (the "Action") commenced by plaintiff William Sanchez ("Plaintiff" or "Sanchez") submit this Memorandum of Law in opposition to Plaintiff's Motion for Partial Summary Judgment under Federal Rule of Bankruptcy Procedure 7056.

# CONCISE FACTS FOR PURPOSES OF THE MOTION

In his motion, the Plaintiff, seeks summary judgment on his claims: (i) to reform certain documents in connection with the sale of his business, a Pepsi Route (the "Route") to Sapra; (ii) to compel an accounting under New York Law from Sapra reflecting financial activity during his operations of the Route; and (iii) to dismiss affirmative defenses of waiver, acquiescence and estoppel. The facts are more fully set forth in the Affirmation of Bhaveen Sapra filed and served herewith (the "Sapra Aff.") and the Court is respectfully referred thereto.

Sanchez is an experienced businessman who had operated the Route for nearly 20 years. He agreed sell the Route to Sapra who was 25 years old with limited experience and education. Sapra Aff. At ¶¶ 1-2. The sale was subject to the approval of Pepsi Cola Bottling Company of New York ("Pepsi") Sapra Aff. at ¶ 10 and 14. The parties entered into a contract on about December 27, 2012. ). Sapra Aff. at ¶ 10. Sapra paid Sanchez $275,000.00 as a down payment ($100,000.00 in cash and $175,000.00 by check). Sapra Aff. at ¶ 12.

Pepsi declined to approve the sale to Sapra.. Sapra Aff. at ¶ 16.
Sapra asked Sanchez to return his deposit. Sanchez refused and indicted that he would be able to structure an arrangement that did not require Pepsi's approval. Sapra Aff. at ¶¶17-18.

1

As an alternative, Sanchez proposed a stock sale rather than the asset purchase agreement. Sapra, who trusted Sanchez, agreed. ). Sapra Aff. at ¶¶ 18-27. On July 31, 2013, the parties entered into a new agreement. Unfortunately, there were mistakes in some of the documents including the promissory note , security agreement and the UCC filing (the "Sale Documents"). Most significantly, Sanchez was not named as the holder of the promissory note . ). Sapra Aff. at ¶¶ 25-27. Sanchez also claims that the collateral identified in the security agreement an UCC is incorrect and incomplete. Sapra Aff. at ¶ 27. Sapra was not aware of the collateral description in the UCC's until he was served with a notice of seizure and sale of assets served by Sanchez. Sapra Aff. at ¶ 28.

In addition to reformation, Sanchez seeks an accounting from Sapra under New York Law and to dismiss affirmative defenses.

## ISSUES PRESENTED

1. Whether the Court should reform the Sale Documents as a matter of law because they were executed under a mutual mistake?

2. Whether Sapra should be compelled to account to Sanchez as a matter of law?

3. Whether the Defendants' affirmative defenses should be dismissed as a matter of law?

## ANSWER

The Answer to each of the questions above is "No."

## DISCUSSION

### Summary Judgment Standard

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate when " 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits ... show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The moving party has the burden of demonstrating the absence of any genuine issue of material fact, and all of the inferences to be drawn from the underlying facts must be viewed by the Court in the light most favorable to the party opposing the motion. *See Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. To defeat a motion for summary judgment, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. Rather, it must present "significant probative evidence" that a genuine issue of fact exists. *Anderson,* 477 U.S. at 249, 106 S.Ct. 2505. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party," there is no genuine issue of fact for trial and summary judgment is appropriate. *Matsushita,* 475 U.S. at 587, 106 S.Ct. 1348. *See Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir. 2000), *cert. denied,* 540 U.S. 811, 124 S.Ct. 53, 157 L.Ed.2d 24 (2003).

In this case, as demonstrated below, there are genuine issues of fact that preclude the granting of summary judgment.

## Reformation: 1st Cause of Action

While the Plaintiff has demonstrated that the Sale Documents contain errors, it has failed to demonstrate as a matter of law that there has been a mutual mistake. How the Sale Documents should be reformed, if at all, is a question of fact which requires discovery as to the parties' intentions.

In New York, a contract may be reformed where there has been a mutual mistake. *Wimmar Co. Inc. v. Teachers Ins. And Annuity Assoc. of Americ*, 870 F.Supp 524, 535 (S.D.N.Y. 1994). The burden of proof rests with the party seeking reformation by "clear and convincing" evidence." *Matthews v. Castro*, 35 AD 3d, 403 404 (2006). The burden upon a party seeking reformation is a heavy one since it is presumed that a deliberately prepared and executed written instrument accurately reflects the true intention of the parties: The proponent of reformation must show in no uncertain terms not only that mistake or fraud exists, but exactly what was really agreed upon between the parties. *Citibank, N.A. v. Morgan Stanley & Co. Intern., PLC*, 724 F.Supp.2d 407, 416 (S.D.N.Y.,2010). To plead a claim for mutual mistake, the factual allegations must establish that both contracting parties shared the same erroneous belief as to a material fact, and their acts do not in fact accomplish their mutual intent." *Id.*
In the context of a reformation action, the court must look to the four corners of the document and any evidence establishing the parties' intention. *Migliore v. Manzo*, 28 A.D.3d 620, 813 N.Y.S.2d 762 (2nd Dept. 2006).

In this case, most significantly, there is conflicting understanding regarding the parties' intention concerning material terms of the agreement with regard to the extent of the security. Sapra asserts that he never agreed to encumber the Route. Sanchez insists that the Route served as collateral. Discovery is required as to the intention of the parties on these

issues. Discovery would include: Examination of the parties and their respective attorney, review of Pepsi's policies concerning encumbering of a route, a review of past practices of the parties with respect to similar transactions, and a review of drafts and communications between the parties.

Contrary to Sanchez's argument, the Debtor was not on inquiry notice of the purported lien on the Route by the filing of the UCC and Amended UCC. Sapra understood that the Route was not encumbered. He also indicated that he did not see the Amended UCC until he was served with the notice of sale.

## ACCOUNTING: 3rd Cause of Action

A debtor or principal of a debtor should not be compelled to account to one creditor. *Bailey v. Bergen* 22 Sickels 346, 1876 WL 12767 N.Y. (1876). In this case, Sapra should not be compelled to account to Sanchez, an individual creditor. Sapra is responsible to account to the Debtor and all creditors in the context of this Chapter 11 case.

It is acknowledged that an informal account in the Chapter 11 case is appropriate upon reasonable terms as the Court may see fit. However, it is submitted that Sanchez is not entitled to an individual account.

## AFFIRMATIVE DEFENSES SHOULD NOT BE DISMISSED

The Defendants asserted three simple affirmative defenses: Estoppel, waiver and acquiescence, the latter two which are essentially the same. The defenses lie in equity.

With respect to waiver, Defendants concede that a waiver must be an intentional relinquishment of a known right. *See Ulster Savings Bank v. Kizelnuk*, 190 B.R. 171, 180 (Bankr. S.D.N.Y. 1995). It is plausible that Sanchez, that by structuring the transaction to evade Pepsi's approval of Sapra, waived rights to reform or enforce any agreement with the

Debtor. Discovery is needed to determine whether Sanchez did indeed waive any alleged rights.

> As set forth in *Ulster Savings v. Kizelnik:* estoppel is a principle designed to protect the justifiable reliances and expectations of innocent parties by barring another party from denying or alleging certain facts because of that party's previous conduct, allegation or denial. "It is said that three things must occur to constitute an estoppel in pais: (1) an admission, statement or act inconsistent with the claim afterward asserted; (2) action by the other party on the faith of such admission, statement or act; and (3) injury to such other party resulting from allowing the first party to contradict or repudiate such admission, statement or act." 28 Am.Jur.2d Estoppel & Waiver § 35 n. 11 (1966). A creature of equity, estoppel is based upon the grounds of public policy, fair dealing, good faith, and justice and its application must depend upon the facts and circumstances peculiar to each case. 28 Am.Jur.2d Estoppel & Waiver § 28 (1966).

*Ulster Savings Bank v. Kizelnik*, 190 B.R. at 180.

In this case, the Defendants assert an estoppel defense based primarily upon Sanchez's conduct in assuring Sapra that the transaction would not require the approval of Pepsi and the resulting injury to Sapra, who was not approved and ultimately was unable to operate the Route. Manifestly, Sanchez, a seasoned businessman familiar with Pepsi's policies smacks of bad faith. Discovery is needed to determine whether the Defendants have a viable defense.

## CONCLUSION

Summary Judgment should be denied except with respect to the reformation of the promissory note in which Defendants acknowledge that Sanchez is the holder.

Dated: White Plains, NY
October 29, 2014

PENACHIO MALARA LLP

By: /s/ Anne Penachio
Anne Penachio
Counsel for the Defendant
235 Main Street
White Plains, NY 10601
(914) 946-2889